IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-244-FL

| | |
|---|---|
| CHRISTY WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM &<br>RECOMMENDATION** |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's 29 & 31). Plaintiff has also filed a response (DE-33), and the time to file any further responses or replies has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-29) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-31) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.

**I.   Statement of the Case**

Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on October 12, 2006, alleging that she has been disabled since September 12, 2006. (Tr. 11). This application was denied initially and upon reconsideration. *Id.* A hearing

was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled in a decision dated June 25, 2009. *Id.* at 11-21. The Social Security Administration's Office of Hearings and Appeals ("Appeals Council") denied Plaintiff's request for review on October 20, 2010, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-4. Plaintiff filed the instant action on December 21, 2010. (DE-10).

## II.  Standard of Review

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

> *Id.*

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by

2

Case 7:10-cv-00244-FL   Document 34   Filed 07/07/11   Page 2 of 6

substantial evidence and whether the correct law was applied." <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990).

**III. Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process which must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

<u>Mastro v. Apfel</u>, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the five-step evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 12, 2006. (Tr. 14). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) bipolar and anxiety disorder; 2) obesity; and 3) alcohol abuse. *Id.* In completing step three the ALJ determined that these impairments were severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* Specifically, the ALJ determined that Plaintiff met the impairments listed in sections 12.04 ("Affective disorders"), 12.06 ("Anxiety-related disorders"), and 12.09 ("Substance addiction disorders"). *Id.* at 14-15.

3

However, the ALJ also found that Plaintiff would not meet these listings if she discontinued her alcohol use. *Id.* at 15-21. Specifically, the ALJ stated that "in the absence of her alcohol use, her symptoms have improved and with proper medication and compliance with therapy her impairments are severe without being of listing level." *Id*. at 15. The ALJ then proceeded with step four of his analysis and determined that Plaintiff would be unable to perform any past relevant work even if she discontinued her alcohol use. *Id.* at 19-20. At step five, however, the ALJ found that there were jobs that Plaintiff could perform and that these jobs existed in significant numbers in the national economy. *Id.* at 19-20. Accordingly, the ALJ ultimately determined that Plaintiff was not under a disability at any time through June 25, 2009. *Id.* at 21. In finding Plaintiff not disabled, the ALJ concluded that Plaintiff's substance use disorder was a contributing factor citing 20 CFR § 416.935. That section states: "the key factor . . . in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether . . . [Plaintiff would still be found] disabled if . . . [Plaintiff] stopped using drugs or alcohol." 20 CFR § 416.935. In short, the ALJ clearly determined that Plaintiff was functionally disabled but denied benefits because alcohol abuse was a material contributing factor to her disability.

The ALJ's decision that alcohol abuse was material to Plaintiff's disabling mental impairments is not supported by substantial evidence. There is no evidence in the record of Plaintiff consuming alcohol after her treatment for depression and alcohol dependence at Duplin General Hospital in September of 2006. On August 29, 2006 Dr. Kyle W. Rickner noted that Plaintiff was not using alcohol or any other drug. *Id.* at 230. Dr. Ken T. Yang observed the same on November 9, 2006. *Id.* at 233. During an examination conducted by Dr. Gary Bachara on December 13, 2006, Plaintiff indicated that she "really has not drank anything in a couple of

4

months." *Id.* at 245. The ALJ does not cite any evidence of record indicating that Plaintiff resumed her drinking during the relevant time frame, nor has the undersigned's review revealed the existence of any such evidence.

Thus, the medical record is consistent with Plaintiff's testimony that she stopped drinking after her hospitalization. *Id.* at 33, 39. Yet the ALJ nonetheless makes Plaintiff's disability contingent upon Plaintiff's alcohol abuse. The ALJ determined that alcohol abuse was material in rendering Plaintiff disabled, in spite of evidence that Plaintiff continued to suffer severe symptoms after no longer drinking. *Id.* at 233-35, 294, 301, 302, 304, 307-11, 315, 316-17, 321. Therefore, the ALJ's decision that alcohol is material to Plaintiff's disabling mental condition is not supported by substantial evidence.

Defendant contends that "Plaintiff misunderstands . . . [the ALJ's] determination regarding her alcohol abuse . . . [the ALJ] did not find, that her alcohol abuse was ongoing." (DE-32, pg. 11). According to Defendant, despite the fact that the ALJ "repeatedly used the phrase 'if the claimant stopped,' he nonetheless found that alcohol use was absent and Plaintiff's symptoms did improve and her mental impairments were not disabling . . . he evaluated the evidence and determined that Plaintiff was not disabled." *Id.* at 11-12. This argument is specious. The ALJ's decision clearly makes his findings contingent upon Plaintiff's substance abuse. (DE-17, pg. 15-21). As Defendant concedes, the ALJ frequently precedes his findings with "if the claimant stopped the substance use" or a similar formulation, and—as noted above—in his conclusion the ALJ cites 20 CFR § 416.935. That regulation provides guidance in determining whether a claimant would still be disabled "if . . . [they] stopped using drugs or alcohol." 20 CFR § 416.935. The language cited by Defendant notwithstanding, the balance of the ALJ's decision is predicated on Plaintiff's continued substance use. Because that finding is

5

not supported by substantial evidence, this matter must be remanded.

**IV.   Conclusion**

For the reasons discussed above, it is HEREBY RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-29) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-31) be DENIED.  Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, July 07, 2011.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE